# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

SHARON BERTROCHE, M.D.,

    Plaintiff,

vs.

MERCY PHYSICIAN ASSOCIATES, INC.,

    Defendant.

No. 18-cv-59-CJW

**ORDER**

## I. BACKGROUND

This matter is before the Court on Sharon Bertroche, M.D.'s ("plaintiff") Motion for Conditional Class[1] Certification and Court Authorized Notice. (Doc. 14). The Court previously ruled on the instant motion in part. (*See* Doc. 38). In the prior Order, the Court conditionally certified the collective action but reserved "ruling on the portion of plaintiff's motion concerning the form in which notice is to be provided to potential plaintiffs" of the instant case. (Doc. 38, at 9). In the Court's prior Order, the Court granted defendant leave to submit "its own versions of the notice, consent form, and language appearing or not to appear on the outside of the envelope containing the documents" to be mailed to potential plaintiffs. (*Id.*). The Court also granted leave for defendant to file a brief in support of the proposed notice, consent form, and envelope

---

[1] The Court will construe plaintiff's motion as a motion for conditional certification of a *collective* action. The Court's reasoning for construing plaintiff's motion as such is set forth more fully in the Court's prior Order on the instant motion, which Order appears at Docket Number 38. Specifically, the discussion appears in footnote one on page one.

language. (*Id.*).

Although defendant did not submit its own materials to the Court, plaintiff submitted a Revised Proposed Notice and Consent Form. (*See* Docs 39; 39-1). After plaintiff filed her revised documents, defendant filed its Response to Plaintiff's Proposed Notice. (Doc. 40). In defendant's response, defendant explains the parties' communications since the Court's prior ruling:

> [T]he parties have actively communicated with each other in a joint effort to narrow or resolve disputes. On September 12, 2018, Plaintiff filed the results of those negotiations with the Court, and submitted a revised proposed notice, consent form, and envelope language for this Court's approval. Subject to Defendant's prior objections to conditional certification, and without waiving any right to request decertification or otherwise expressing a position on the merits of the case, Defendant does not object to the Court approving Plaintiff's revised notice, consent form, and notice envelope language. Defendant considers Plaintiff's prior notices to be withdrawn or superseded, which moots further briefing on the subject.

(*Id.*, at 1).

## II.   APPLICABLE LAW

The Court has discretion to facilitate notice of the instant case to potential plaintiffs. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989). In facilitating such notice, the Court has "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* at 170. Further, "the [C]ourt has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71. United States Supreme Court precedent and Federal Rule of Civil Procedure 16(b) provide that the Court may limit the time for pretrial steps, including joinder of additional parties. *Id.* at 173.

## III.  DISCUSSION

### A.  *Notice and Consent Form*

The Court approves plaintiff's Revised Proposed Notice (Doc. 39-1, at 1-3) with the caveat that plaintiff add the following text where indicated:[2]

> The Court has conditionally recognized a group of individuals who may be eligible to join and participate in this action as a plaintiff.  You have been identified, as a female Family Practice Physician employed by MPA during the relevant time period, as one of the individuals who may be eligible to join this action and potentially be entitled to compensation.  To join this action and become a part of the claim against MPA, you must "opt-in," or inform the court that you wish to take part in the lawsuit.  You are not automatically included in the lawsuit.  *"Opting-in" to the lawsuit is not a guarantee that you will ultimately receive compensation.*

Additionally, plaintiff is directed to provide instructions on how to file the Consent form directly with the Court.  Specifically, plaintiff is directed to include the following instructions on both the Notice and the Consent form immediately following the provision of the "Sherinian & Hasso Law Firm" address:

> If you choose to file the Consent Form on your own behalf, you may do so by either emailing the completed form to: ecfmail@iand.uscourts.gov, or by mailing the form to:
> Clerk's Office
> 111 7th Avenue SE, Box 21
> Cedar Rapids, Iowa 52401

Plaintiff is further directed to date each Notice with the date the Notice is mailed.  The date is to be indicated in the location where "[DATE]" appears on the attached Appendix.[3]

---

[2] The Court has italicized the additional language for ease of reference.  Plaintiff is directed, however, to include the Court's added language in the same typeface as the surrounding text.

[3] Any highlighting in the attached Appendix is for ease of reference only and is not to be included in the documents mailed to potential plaintiffs.

Any potential plaintiff who wishes to join this action must file her Consent form no later than **November 9, 2018**. In each of the four locations in the proposed Notice, and in the single location on the proposed Consent form, (*see* Doc. 39-1), where "[Insert Date that is 60 days from the date of notice approval]" appears, plaintiff is directed to substitute "November 9, 2018."[4] The Court takes no position on the date by which Consent forms must be received by plaintiff's counsel in order for counsel to timely file the forms with the Court. Plaintiff is, however, directed to substitute *some* date in place of the single location on each of the proposed Notice and proposed Consent form where "[Insert Date that is 58 days from the date of notice approval]" appears. (*See id.*, at 2, 4). Finally, following the sentence "If your signed Consent Form is not filed with this Court by November 9, 2018 [sic] you will lose the right to participate in any recovery obtained against MPA in this lawsuit," (*id.*, at 2), plaintiff is directed to add the following sentence: "The Consent Form must be *received* by the Court no later than November 9, 2018, to be considered timely."[5]

The Court's modifications to the proposed Notice and proposed Consent are incorporated into the attached Appendix. Aside from the modifications outlined above and set forth in the attached Appendix, the Court approves the proposed Notice and proposed Consent form. The Court approves of the following language appearing on the outside of the envelopes containing the Notices and Consent forms: "Court Authorized Notice of Wage Discrimination Lawsuit – Deadline to Join." The language on the outside of the envelopes is to appear in 12-point Times New Roman or CG Times font in regular typeface, and is to contain only black lettering.

---

[4] The date "November 9, 2018," may appear in bold typeface.

[5] "Received," as used here, is to be italicized in the Notice.

The portion of plaintiff's motion (Doc. 14, as amended by Doc. 39) upon which the Court did not previously rule is therefore **granted in part and denied in part**. To the extent plaintiff's motion as to the original Notice and Consent Form is outstanding (*see* Docs. 14-3, 14-4), such motion is **denied as moot**. The Court has previously ruled on defendant's objections to certification of the collective action and, therefore, sees no need to address such objections here. (*See* Doc. 38).

### B. *Scheduling Order*

The Court previously entered a scheduling order setting August 17, 2018, as the deadline to add parties to this suit. (Doc. 24). Plaintiff's motion for conditional certification is premised on the notion that, upon notification of the instant suit, potential plaintiffs will wish to join as plaintiffs. (*See generally* Doc. 38, at 5 ("Plaintiff has satisfied her burden of showing that at least one other potential plaintiff exists who would be interested in joining the lawsuit.")). Thus, inherent in plaintiff's motion is a request that the deadline for adding parties be extended, if the notification and joinder procedures cannot be completed by the current deadline to add parties.

As the deadline for adding parties has already passed, the scheduling order must be amended if the Court's approval of the Notice and Consent form is to have any legitimate effect. The Court finds that such necessity is sufficient to satisfy the "good cause" standard for modifying the scheduling order.[6] *See* FED. R. CIV. P. 16(b)(4); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F. Supp.2d 1093, 1098 (N.D. Iowa 2008) (internal citations and quotation marks omitted). The Court further finds it appropriate to extend the other pending deadlines. The new deadlines governing this case are as follows:

    Add Parties:                       November 9, 2018

---

[6] The Court notes that although the deadline for adding parties has already passed, plaintiff's motion was filed prior to the expiration of the deadline to add parties. (*See* Docs. 14, 24). As a result, the higher "excusable neglect" standard does not govern here. FED. R. CIV. P. 6(b)(1).

| | |
|---|---|
| Amended Pleadings: | November 30, 2018 |
| Plaintiffs Expert Witnesses: | December 28, 2018 |
| Defendant's Expert Witnesses: | March 1, 2019 |
| Plaintiff's Rebuttal Experts: | April 1, 2019 |
| Discovery: | May 6, 2019 |
| Dispositive Motions: | June 6, 2019 |
| Trial Ready: | November 4, 2019 |
| Trial: | November 4, 2019 |

The parties should consider both the trial date and the dispositive motions deadline firm.

### IV. CONCLUSION

For the aforementioned reasons, the portion of plaintiff's motion (Doc. 14, as amended by Doc. 39) upon which the Court did not previously rule is **granted in part and denied in part**. To the extent plaintiff's motion as to the original Notice and Consent Form is outstanding (*see* Docs. 14-3, 14-4), such motion is **denied as moot**. The scheduling order is modified as set forth above.

**IT IS SO ORDERED** this 20th day of September, 2018.

_____
C.J. Williams
United States District Judge
Northern District of Iowa